**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30011 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00081-BLW-1 |
| v. | |
| ELEAZAR HERRERA-SANCHEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Eleazar Herrera-Sanchez appeals the district court's judgment and

challenges the 200-month sentence imposed following his guilty-plea conviction

for distributing methamphetamine and aiding and abetting, in violation of 21

U.S.C. § 841(a)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

As an initial matter, we decline to enforce the appeal waiver in the plea agreement and instead proceed to the merits of the appeal. *See United States v. Jacobo-Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc) (appeal waiver is not jurisdictional).

Herrera-Sanchez first contends that the district court erred by applying the two-level dangerous weapon enhancement under U.S.S.G. § 2D1.1(b)(1). The court did not abuse its discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Contrary to his contention, the record shows no clear error in the court's finding that Herrera-Sanchez constructively possessed the assault rifle in question during the instant offense. *See United States v. Boykin*, 785 F.3d 1352, 1364 (9th Cir. 2015) (constructive possession shown by "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the [contraband]." (internal quotations omitted)). The cooperating witness testified that, in exchange for methamphetamine, he sold Herrera-Sanchez the assault rifle found in the residence where Herrera-Sanchez distributed methamphetamine. The district court relied on this testimony regarding Herrera-Sanchez's knowledge and control of the rifle, as well as the undisputed evidence that the assault rifle was in the residence where drugs were sold, in applying the enhancement. *See Boykin*, 785 F.3d at 1364 (application of enhancement not error where firearm with

defendant's fingerprints found in residence at which defendant had transacted several drug sales).

Herrera-Sanchez also contends that the district court procedurally erred by relying on clearly erroneous facts to impose a sentence at the higher end of the Guidelines range. The district court's findings that Herrera-Sanchez was responsible for distributing a larger quantity of drugs and making threats of violence against the cooperating witness were not clearly erroneous. *See United States v. Christensen*, 828 F.3d 763, 816 (9th Cir. 2015) (stating standard). The district court determined that the Guidelines range may have understated the seriousness of Herrera-Sanchez's conduct because the record indicated that (1) the quantity of drugs involved in the overall conspiracy exceeded the amount used to calculate the Guidelines range, and (2) he made threats of violence against a cooperating witness. Evidence in the record, including witness testimony that the district court found to be credible, supported these findings.

**AFFIRMED.**